Argued September 9, affirmed September 28, 1926.

### IN RE PETITION OF PAUL C. DORMITZER.

(249 Pac. 639.)   ·

**Habeas Corpus—Dismissing Writ After Demurrer to Return, Without Allowing Answer Thereto to be Filed, Held not Abuse of Discretion.**

1. Dismissing writ of *habeas corpus* after demurrer, which in reality went to merits of issues joined by return, *held* not abuse of discretion, it being optional with court to permit filing of answer.

**Pardon—Governor's "Reprieve" from Jail Sentence Held not Unconditional Pardon.**

2. Governor's reprieve from jail sentence on condition that defendant in liquor case obey laws *held* not unconditional pardon, but merely suspension of sentence; "reprieve," in its broader sense, being the withdrawing of sentence for interval of time.

**Pardon—Defendant Who Accepted Governor's Reprieve from Jail Sentence cannot Complain When Such Reprieve is Revoked.**

3. Defendant who accepted Governor's reprieve from jail· sentence cannot complain when such reprieve is revoked, regardless of whether Governor exceeded authority in granting it.

---

2.  See 20 R. C. L. 522.

Criminal Law.

4. Governor's order suspending jail sentence on condition that liquor law violator obey laws *held* not to prevent latter from appealing, as he had right to reject the "reprieve."

---

Habeas Corpus, 29 C. J., p. 159, n. 54, p. 165, n. 38 New.
Pardons, 29 Cyc., p. 1561, n. 6, 8.
Pleading, 31 Cyc., p. 351, n. 45.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

Leon R. Edmunson was convicted on the thirteenth day of February, 1924, in the Justice's Court for Eugene Justice District, Lane County, Oregon, of the crime of having liquor in his possession and on said day was sentenced by the Justice of the Peace for said Justice District to serve a sentence of six months in the Lane County jail and to pay a fine of $500, and in default in the payment of such fine to be confined in said county jail one day for each two dollars of such fine unpaid. On March 11, 1924, the Governor granted Edmunson a "reprieve" from the jail sentence until July 11, 1924. Whereupon said Edmunson was released from custody. On July 9, 1924, the Governor issued another "reprieve" suspending the jail sentence from July 11, 1924, until January 11, 1925. On December 10, 1924, the Governor revoked the latter "reprieve" and remanded said Edmunson to the custody of the sheriff to serve the sentence pronounced by said Justice of the Peace. On December 31, 1924, the petitioner Dormitzer filed in the Circuit Court for Lane County a petition for a writ of *habeas corpus* directed to the sheriff of Lane County, Oregon, requiring him to produce Edmunson before such Circuit Court. A hearing was had on January 2, 1925, when the sheriff produced the said

119 Or.—22

Edmunson and duly filed his return to said writ. Dormitzer demurred to said return. After argument the court overruled the demurrer and dismissed the writ. From that judgment the petitioner appeals to this court assigning ten separate grounds of error, most of which may be embodied in the contention that Edmunson is not incarcerated by virtue of the sentence of a court but by virtue of an executive order. Other assignments are based on the ground that the petitioner was not permitted to reply to the return after the demurrer was overruled. The reprieves were issued by the Governor on condition that Edmunson obey the laws of the land. It was revoked because he had violated that condition.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Paul C. Dormitzer, in propria persona,* with an oral argument by *Mr. A. C. Woodcock.*

For respondent there was a brief and oral arguments by *Mr. John S. Medley,* District Attorney, and *Mr. Gordon S. Wells,* Deputy District Attorney.

COSHOW, J. — 1. The petitioner complains because he was not allowed to file an answer to the return of the sheriff. He filed a paper denominated a demurrer which in reality went to the merits of the issues joined by the return to the writ. It is optional with the trial court to permit a litigant to file an answer after having demurred to a pleading. The trial court did not abuse its discretion in dismissing the writ after deciding the issues raised by the demurrer.

2. The petitioner further contends that the favor granted Edmunson by the Governor was an unconditional pardon. This contention cannot be sustained.

Regardless of the correct definition of the word "reprieve" as used by the Governor and regardless of the proper office of a reprieve, the grace shown the prisoner by the Governor cannot be construed as a pardon. The clemency exercised by the Governor operated to suspend the execution of the sentence of the court but does not embody the necessary elements of a pardon.

The word "reprieve" in its general sense means: "A temporary suspension of the execution of a sentence, especially of a sentence of death, or the order or warrant for such suspension." Webster's International Dictionary. "A reprieve is the withdrawing of a sentence for an interval of time whereby the execution is suspended." 29 Cyc. 1561. In its restricted or technical application the word "reprieve" is limited to a temporary suspension of a sentence of death: *State* v. *Finch,* 54 Or. 482, 497–498 (103 Pac. 505); *State* v. *Heller,* 63 N. J. L. 105 (42 Atl. 155, 57 L. R. A. 312, 315–317); *In re Buchanan,* 146 N. Y. 264 (40 N. E. 883).

But the word "reprieve" has been used in the opinion of courts in its broader sense. In *State* v. *Hawk,* 47 W. Va. 434, 435 (34 S. E. 918), which was not a capital case, but one in which the defendant was sentenced to imprisonment for twelve years, the court uses this language:

"The power to pardon necessarily includes the power to reprieve or suspend the sentence until the matter can be inquired into and determined. At common law the power to reprieve was lodged in the courts, as the representatives of the king, he being considered the very fountain of justice; and he was never called upon to exercise it except in capital cases of necessity. * * Because the king was never personally called upon to exercise the power of reprieve, owing to the authority delegated by him to his courts,

except in capital cases, has grown up the theory that he had no such power. * * That he had the power to reprieve or suspend sentence in any case of necessity, there cannot be the least doubt."

3. Regardless of whether or not the Governor exceeded his authority in granting the so-called reprieve, Edmunson has no ground for complaint. He accepted the favor of the Governor and was thereupon released from jail. He treated the leniency of the Governor with the same contempt that he had treated the law of the state and must suffer the consequences. The Governor did not issue any judgment or sentence against the defendant but merely canceled the temporary suspension of the jail sentence inflicted by the court after trial. If the Governor's act was a nullity, as contended by the state, the proper authorities had the right to reincarcerate Edmunson. If the Governor had the authority to grant the suspension of the jail sentence on condition, he had a right to revoke his merciful order which would operate to remand Edmunson to jail to serve the remainder of his sentence.

4. It was urged in behalf of Edmunson that the order of the Governor suspending the jail sentence operated to prevent him from taking an appeal. Edmunson had the right to accept or reject the "reprieve." He was not thereby prevented from appealing if he desired to do so: 29 Cyc. 1565, par. 2.

The judgment is affirmed.          AFFIRMED.

McBRIDE, C. J., and BURNETT and BEAN, JJ., concur.