Submitted on record and briefs August 12, 1981,
remanded for correction February 2, 1982

STATE OF OREGON,
*Respondent,*

*v.*

STEVEN ALLEN DELOGE,
aka Patrick Kelley Powers,
*Appellant.*

(No. 10-80-08729, CA 19955)

639 P2d 1293

Gary D. Babcock, Public Defender, Salem, filed the brief for appellant.

J. Pat Horton, District Attorney, and Frank R. Papagni, Jr., Assistant District Attorney, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant entered pleas of guilty to burglary in the first degree and arson in the first degree and was sentenced to a term of imprisonment not to exceed twenty years, with a minimum term of five years. The court also ordered defendant to make restitution in the sum of $80,000. He appeals the restitution portion of his sentence.

■     At the sentencing hearing, the victims of defendant's arson testified to the value of their fire loss. The uncontradicted evidence established a loss in the amount of $162,117.95, which was reimbursed by insurance proceeds to the extent of $65,965.42, leaving a net loss to the victims of $96,152.53. The court considered defendant's financial resources, his ability to secure employment, his other debts and obligations and the rehabilitative effect of the payment of restitution, as required by ORS 137.106(2). The court initially ordered restitution in the amount of $96,152, stating that it would be "unrealistic" to order restitution to the insurance company or to impose payment of costs. On defendant's objection that $96,152 was excessive, the court reduced the amount to $60,000. Defendant also objected to that amount. For reasons not stated, the sentencing order provided for restitution in the amount of $80,000. The state concedes that to be error and that the order should reflect the amount of $60,000.

Defendant further argues that, in light of his circumstances, even that amount is excessive under Art I, § 15, Oregon Constitution and ORS 138.040. We disagree. The sentence imposed is not clearly mistaken or a clear abuse of discretion, and we decline to substitute our judgment for that of the trial court. *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979). If in fact defendant is not able to pay, the trial court may later adjust the terms or amount of payment under ORS 161.685. *See State v. Mitchell,* 48 Or App 485, 617 P2d 298 (1980).

■     Defendant contends finally that the terms of payment provided in the restitution order violate ORS 161.675, which provides:

"(1) When a defendant is sentenced to pay a fine or costs or ordered to make restitution, as defined in ORS 137.103, the court may order payment to be made forthwith

or within a specified period of time or in specified instalments. \* \* \* "

The sentencing order provided:

"IT IS FURTHER ORDERED that upon defendant's parole, defendant shall pay restitution \* \* \* on a schedule to be determined by his [parole] officer."

Defendant makes this contention for the first time on appeal. He did not raise the issue in the trial court, and we decline to review it. *State v. Miller,* 44 Or App 625, 606 P2d 689 (1980); *State v. Barnett,* 42 Or App 69, 600 P2d 877 (1979); *State v. Keys,* 41 Or App 379, 597 P2d 1266 (1979).

We remand the sentencing order for correction of the amount of restitution.