Argued and submitted January 24, resubmitted In Banc September 4, affirmed November 12, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# HUGH GORDON DOUGLAS,
*Appellant.*

(M 65014; CA A37324)

728 P2d 548

Steven L. Price, Hillsboro, argued the cause and filed the brief for appellant.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

WARDEN, J.

Richardson, J., dissenting.

**WARDEN, J.**

Defendant appeals his conviction for assault in the fourth degree, ORS 163.160, entered on his plea of guilty. The trial court placed him on probation for two years. One of the conditions of probation was that he not possess or consume any alcohol during that period. The issue is whether that condition is "cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense." ORS 138.050 (*amended by* Or Laws 1985, ch 342, § 20, ch 348, § 2).[1] We hold that it is not.

With this conviction, defendant, age 47, has been convicted of eight criminal offenses since 1979. He had previously been convicted of indecent exposure and shoplifting. Two of the most recent convictions were for violation of the statute prohibiting possession of an open container of alcoholic beverages in a motor vehicle. Another was for possession of a controlled substance. In this case, he was convicted of assaulting the driver of another car, after defendant had forced him off the road because defendant was displeased with his driving.

Probation may be granted in the discretion of the trial judge, guided by considerations of public safety and rehabilitation of the person convicted. *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964). The court may impose special conditions on the probation for the protection of the public or reformation of the offender, including a requirement that the probationer abstain from the use of intoxicants. ORS 137.540(2)(d).

Defendant has had alcohol and controlled substance convictions. He was convicted in this case for what can best be described as an unprovoked assault. The requirement that he abstain from consuming alcohol is reasonably related to the safety of the public and defendant's rehabilitation. It is not "cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense." ORS 138.050 (*amended by* Or Laws 1985, ch 342, § 20, ch 348, § 2).

---

[1] The 1985 amendments to the statute do not apply to this case, because the judgment was entered before the effective date of the amendments. *See* Or Laws 1985, ch 348, § 3.

Affirmed.

**RICHARDSON, J.,** dissenting.

Defendant challenges a condition of probation that states: "Do not consume or possess alcohol during the period of your probation."[1] The probation is for a period of two years. After that condition was orally imposed, the following colloquy occurred:

"Defense Counsel: Your Honor, I'm not aware of any facts in the record that would tend to support the no alcohol condition of this probation. Just for the record.

"Court: I am."

On appeal, defendant argues that the challenged condition is not reasonably related to the needs of probation because nothing in the record indicates that the offense was alcohol related or that defendant has a problem with the use or possession of alcohol.

ORS 137.540 authorizes a court to place a convicted person on probation and to impose conditions of probation. Subsection (2) provides:

"In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including but not limited to, that the probationer shall:

"* * * * *

"(d)   Abstain from or limit the use of intoxicants.

"* * * * *"

Although a sentencing court has the authority and discretion to impose particular conditions of probation, the exercise of discretion is limited by the requirment of ORS 137.540(2) that a condition be for the protection of the public or reformation

---

[1]The probation order is a form containing a preprinted list of certain specific probation conditions with a blank space for a check mark to designate the conditions imposed by the order. In addition to the conditions challenged in this appeal, a condition checked as applicable recites:

"Obey all laws and the rules and regulations of the Washington County Department of Community Corrections. These include the conditions set forth in ORS 137.540."

I interpret that to mean only the general conditions of ORS 137.540(1) and not all of the other conditions of ORS 137.540(2).

of the offender. In *State v. Martin,* 282 Or 583, 580 P2d 536 (1978), the court described the scope of review of a probation order under ORS 138.050 as whether the trial court exceeded the limits of its discretion in imposing particular conditions:

> "* * * In the context of ORS 138.050, which requires proportionality, an 'excessive or unusual punishment' is one that is unrelated to the offense or that goes beyond that necessary to accomplish the purpose of the punishment. The purposes of probation include rehabilitation and the freedom of the individual, as long as these are consistent with public safety. * * * Thus, a condition of probation that is not related to the offense or does not promote public safety or rehabilitation is not permitted under the statute." 282 Or at 588. (Citations and footnote omitted.)

A probationer, indeed even a convicted felon, does not surrender his civil or personal liberties simply because of the conviction or the grant of probation. *See* ORS 137.275; *State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1977). The convicted person may be required to forfeit rights, privileges and liberties that he would otherwise have only by justified conditions of probation or the necessities of incarceration. An offender should not be deprived of privileges, rights and liberties, unless it is reasonably necessary for effective probation or protection of the public.

It is not unlawful for an adult to possess or consume alcohol or to become intoxicated. A person ought not be required to surrender the privilege to choose that lifestyle without a factual basis showing that it is reasonably necessary for an effective probation. If the crime for which the defendant is being sentenced or the background and character of the offender shows that alcohol consumption has been a cause of his problems, restriction of the use of alcohol may be justified. A perception, perhaps justified by statistics, that alcohol consumption is the genesis of many crimes and acts of public endangerment is not a basis for imposing this special condition of probation simply as a means of achieving general social good. A conclusion that alcohol consumption should be reduced in all segments of the population for health and safety reasons is not a sufficient basis to utilize judicial authority in a particular probation to accomplish that goal. Punishment, which includes probation, must be proportionate and imposed

in the light of the nature and background of the offender and the facts and circumstances of the offense. *See* ORS 138.050.

The court has almost unlimited discretion in deciding if probation should be granted as an alternative to incarceration. The discretion to impose permissible conditions is limited by the requirements of ORS 138.050 and 137.540. The discretion to impose conditions of probation is to be exercised on the basis of a discrete set of facts. The court's discretion, however, does not extend to finding facts that are not supported by the evidence in the record. If the evidence in the record does not support a factual predicate for imposition of the condition, then there is not a proper basis for the exercise of discretion.

In this case there is scant evidence that the defendant has had problems with the law related to or caused by alcoholic beverages. There is no evidence from which a conclusion can reasonably be made that he presently has a problem with the consumption of alcohol and that it is therefore necessary to prevent his use and possession of alcohol to make him a law abiding citizen—at least for two years.

The offense was not related to the consumption or possession of alcohol. Even if it can be described as an unprovoked assault or at least a disproportionate response to what defendant perceived to be discourteous driving by the victim, it does not demonstrate that he has a problem with alcohol. The rather bizzare incident could just as easily be explained by an aberrant personality trait rather than alcohol. The evidence in the record contains no hint that defendant had consumed alcohol just before the incident.

There is no presentence report in the record or any other study of defendant indicating his social, psychological or emotional history. There is a recitation of his past criminal record without elaboration. His record consists of four convictions of driving while suspended, the dates of which were not noted. He was convicted in 1982 and again in 1984 of having an open container of alcoholic beverage in his vehicle in violation of ORS 487.841. He was convicted of shoplifting in 1969 and of indecent exposure in 1973. At the time of the offense under review he was on probation for possession of a controlled substance. I agree that defendant has not led an

exemplary life since 1969 and that a restriction of his consumption of alcohol will not be detrimental to him. However, there is simply nothing in this factual record to indicate that his malady—inability to conform his conduct to the law—is caused by consumption or possession of alcohol. The prescription and treatment is not related to the malady.

When the defendant's counsel objected to the condition of probation and noted that he was not aware of any evidence in the record to support imposition of such a condition, the trial court explained: "I am." The majority's explanation of the justification for the condition is little more extensive. Following the majority's analysis, a trial judge would be justified in imposing the alcohol abstension condition in every case, and our review under ORS 138.050 and 137.540 would be moot.

We need not reverse the condition of probation. The trial court may have had an undisclosed and justifiable reason for imposing the condition. I would vacate the sentence and remand for resentencing to allow the trial court to develop a factual basis in the record for imposing the special condition. *See State v. Heath,* 75 Or App 425, 706 P2d 598 (1985). I would not affirm and uphold the condition on this record, and therefore I dissent.

Newman, J., joins in this dissent.