Argued and submitted December 6, 1988, the decision of the Court of Appeals reversed
and the judgment of the circuit court modified March 7, reconsideration denied
May 31, 1989

STATE OF OREGON,
*Respondent on Review,*

*v.*

MICHAEL THOMAS DONOVAN,
*Petitioner on Review.*

(TC 41356; CA A45417; SC S35449)

770 P2d 581

William C. Brown, Portland, argued the cause for petitioner on review. On the petition was Chris W. Dunfield of Petersen, Barker and Dunfield, Corvallis.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert C. Homan, Eugene, filed an *amicus curiae* brief on behalf of American Civil Liberties Union Foundation of Oregon, Inc.

Before Peterson, Chief Justice, and Linde, Carson, Jones and Gillette, Justices.

LINDE, J.

## LINDE, J.

Defendant challenges a condition of probation imposed after his conviction of custodial interference. Having allowed review after the Court of Appeals affirmed the condition without opinion, *State v. Donovan*, 92 Or App 996, 757 P2d 877 (1988), we now strike the condition as unauthorized by law.

Defendant and his wife, Frances, known as Betsy, were divorced in July 1977 in a Lincoln County proceeding. Betsy was awarded custody of the couple's children, Gabriel, who was born in 1970, and Celeste, born in 1975, and defendant was allowed visitation rights. In 1980, defendant unsuccessfully moved for a change of custody. In 1981, after the children's summer visit, defendant did not return them as required but moved with them to an undisclosed location in California.

Defendant was indicted in December 1982 on two counts of custodial interference, ORS 163.245 and 163.257. He was located in California in October 1986, arrested and returned to Oregon for trial. Betsy also had moved to California, and after his arrest, defendant initiated a custody proceeding in a California court.

Defendant eventually pleaded no contest to one count of custodial interference, and the state dismissed the second count. The circuit court suspended imposition of sentence and placed defendant on probation for five years on specified conditions. Condition No. 8, the condition here at issue, provided:

> "Defendant shall bring no proceeding for change of custody of GABRIEL DONOVAN and CELESTE DONOVAN without the permission of this Court. It is the Court's desire that the mediation hearing presently scheduled for August 20, 1987, take place. If mediation is unsuccessful and both parties cannot agree on the issue of custody, defendant shall seek permission of this Court to proceed, and if this Court denies the request, defendant shall move to dismiss the custody proceedings in California. However, this shall not prohibit defendant from contacting Children's Services Division or its California equivalent to petition for Juvenile Court jurisdiction over the children. Defendant may cooperate and participate fully with any such agency or proceedings, and may

request that physical custody of the children be placed with him pursuant to those proceedings."

Defendant contends that this condition is unauthorized and contrary to various statutory and constitutional provisions. The state defends the condition as proper, but first it argues that there is no appeal from conditions of probation imposed after a plea of no contest. We hold to the contrary.

■ Appealability is governed by one of two statutes, ORS 138.040 or ORS 138.050.[1] The state maintains that the applicable statute is ORS 138.050, which provides for review of sentences in appeals from a judgment of conviction after a plea of guilty or no contest. ORS 138.050 states that "the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual." But the section applies only when "a sentence has been imposed." In this case, the circuit court suspended the

---

[1] ORS 138.040 provides:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(3). Upon an appeal, or cross-appeal, any decision of the court in an intermediate order or proceeding may be reviewed, and any sentence of the court may be reviewed as to whether it exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as may be provided in ORS 138.050 and 138.510 to 138.680. If in the judgment of the appellate court the punishment imposed by the sentence appealed from exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment that should be administered."

ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the district court for the county in which such court is located or if there is no district court for the county, to the circuit court for the county. On such appeal, the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If in the judgment of the appellate court the punishment imposed does exceed the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment which should be administered."

imposition of sentence and instead imposed conditions of probation. This does not constitute a sentence. *State v. Carmickle*, 307 Or 1, 762 P2d 290 (1988).

The applicable statute, rather, is ORS 138.040, which generally provides for appeals from judgments of conviction. This section also refers to review of sentences exceeding statutory or constitutional limits, but it is not limited to those grounds. ORS 138.040 provides that upon an appeal, "any decision of the court in an intermediate order or proceeding may be reviewed," and it states that "[a] judgment suspending imposition or execution of sentence shall be deemed a judgment on conviction." An order imposing a condition of probation before imposition of a sentence therefore is reviewable under ORS 138.040.

■ Condition No. 8, previously quoted, undertook to govern the terms of defendant's participation in civil litigation concerning his children, a right of convicted offenders otherwise recognized by statute.[2] The sentencing judge stated his desire that defendant and his wife go forward with mediation of their custody dispute. He directed defendant not to pursue proceedings for a change of custody without the consent of the criminal court and to dismiss the California custody proceeding if that consent was denied. Although the court's interest in the custody issue no doubt was well-intentioned, whether these issues should be mediated and how custody should be decided in the children's best interests are questions for a domestic relations or juvenile court proceeding, not for a criminal sentencing proceeding.[3] The sentencing court permitted defendant to file in California a stipulation for joint custody that allows Celeste to choose with which parent to live, but the stipulation does not end the requirement of Condition No. 8 that defendant obtain permission for future legal steps.

---

[2] ORS 137.275 provides:

"Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability, or sustain loss of civil rights or forfeiture of estate or property, but retains all of the rights of the person, political, civil and otherwise, including, but not limited to, the right to vote, to hold, receive and transfer property, to enter into contracts, including contracts of marriage, and to maintain and defend civil actions, suits or proceedings."

[3] Gabriel now is past his 18th birthday and no longer subject to the custody of either parent.

■      The statutes governing probation prescribe conditions generally applicable to every person placed on probation, ORS 137.540(1), and authorize other specified and non-specified special conditions of probation. But such conditions are authorized only "for the protection of the public or reformation of the offender, or both." ORS 137.540(2).[4] The purposes of special conditions of probation do not include deterring others, nor may they be used as a substitute form of punishment, both reasons stated by the circuit court.[5] A condition of probation that "does not promote public safety or rehabilitation is not permitted under the statute." *State v. Martin,* 282 Or 583, 588, 580 P2d 536 (1978).

Public safety is not threatened if defendant seeks court action. What led to his conviction is that he took the law into his own hands, not that he misused the judicial system. The public does not need protection from defendant's recourse to the courts. Nor is barring such recourse a proper means of rehabilitation. That purpose encompasses requiring a convicted offender to abstain from types of conduct shown to have played a role in his past offenses or to take affirmative steps toward developing better patterns of behavior, but it does not give courts open-ended discretion to rearrange an offender's life. A judge's belief that rehabilitation begins with admitting one's guilt would not justify requiring defendant to give up this appeal as a condition of probation, and forbidding civil litigation as a form of rehabilitation is not very different. The court's rehabilitative and protective purposes might have justified requiring defendant to cooperate in California proceedings and to notify the sentencing court before taking action in such a proceeding so that the court's concerns could

---

[4] ORS 137.540(2) provides: "In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, * * *" a list of twelve paragraphs dealing with confinement, substance abuse, therapy, personal associations, and submission to tests and searches.

[5]      "THE COURT: * * * I am satisfied that it is directly related to the—to the crime and is necessary for its rehabilitative and deterrent effects of this sort of crime with this defendant, that it's—it's necessary.

"As I said, that [if] I didn't feel that I had this authority, I would not consider probation but would consider some form of more substantial incarceration than was—than was ordered in my original sentencing order."

Tr 18.

be communicated to the California courts. But the condition went too far when it denied defendant access to the California courts.

The decision of the Court of Appeals is reversed, and the judgment of the circuit court is modified by striking Condition No. 8 of the conditions of probation.

**PETERSON, C. J.,** concurring.

Although I agree with the result reached by the majority opinion, I do not agree with the indirect means by which it reaches that result. I agree that the condition of probation at issue here is impermissible. Unlike the majority, I think that conditions of probation are properly reviewed under ORS 138.050 and not under ORS 138.040. The majority feels compelled to rely on ORS 138.040 because of this court's holding in *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988). For the reasons spelled out below, I submit that *Carmickle* was wrongly decided.

In *Carmickle,* a majority of this court held that probation was not a "sentence" under ORS 138.040. It therefore concluded that, although probation was reviewable under ORS 138.040, the standard of review prescribed by ORS 138.040 was inapposite because it applied only to sentences and not to conditions of probation. 307 Or at 6-7. In reaching this conclusion, the *Carmickle* majority relied on *State v. McClure,* 295 Or 732, 670 P2d 1009 (1983), a case which arose under ORS chapter 137 and which distinguished probation from a sentence for the purpose of awarding credit for presentence time served.

The first flaw in the reasoning of *Carmickle* is its assumption that if probation is not a sentence under ORS chapter 137 then the same must be true under chapter 138. This court recently noted that a term might be defined one way in one statute but quite differently in other statutes. *State ex rel Frohnmayer v. Oregon State Bar,* 307 Or 304, 767 P2d 893 (1989).

The more basic (but perhaps more excusable) shortfall in *Carmickle*'s reasoning is that it ignores legislative intent concerning ORS 138.040 and 138.050. This flaw is understandable in part because these statutes are imperfectly

drawn. Read literally and without recourse to legislative history, they could lead one to conclude that probation is not a sentence under these statutes. However, even a cursory review of the legislative history shows that the legislature assumed and intended that "sentence" included probation (or conditions of probation) for the purposes of review under ORS 138.040 and 138.050.

Until 1977, ORS 138.040 provided:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a circuit court; and upon an appeal, any decision of the court in an intermediate order or proceeding may be reviewed. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as provided in ORS 138.050 and 138.510 to 138.680." ORS 138.040 (1975) *amended by* Or Laws 1977, ch 372, § 13.

Likewise, prior to 1977, ORS 138.050 provided in pertinent part:

"A defendant who has plead guilty or no contest make take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. * * * On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed. If in the judgment of the appellate court the fine imposed is excessive or the punishment imposed is excessive, unusual or cruel and not proportionate to the offense, it shall direct the court from which the appeal is taken to impose the punishment which should be administered." ORS 138.050 (1975) *amended by* Or Laws 1977, ch 372, § 14.

Interpreting these statutes, this court in *State v. Martin,* 282 Or 583, 586-87, 580 P2d 536 (1978), held that a defendant who had pleaded guilty and who had been placed on probation could, under ORS 138.050, challenge the conditions of his probation and that the scope of review on appeal was that prescribed in ORS 138.050. 282 Or at 587-88 & n 2.

In 1977, the legislature amended ORS 138.040 and 138.050. *See* Or Laws 1977, ch 372, §§ 13, 14. In relevant part, ORS 138.040 was amended to read:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, including a judgment where the court imposes a *sentence* which is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. * * * A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction * * *." (Emphasis added.)

Similarly, the amended version of ORS 138.050 provided in relevant part:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a *sentence* that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense." (Emphasis added.)

It is the inclusion of the emphasized word "sentence" that has caused the trouble. If (as this court concluded in *Carmickle*) "probation" is not subsumed within "sentence," then a defendant may not appeal concerning conditions of probation under ORS 138.050 and must instead appeal under ORS 138.040. Furthermore, assuming that "sentence" does not subsume "probation," the scope of review under ORS 138.040 would be essentially unlimited, because the limited scope of review provided in that statute applies only to sentences.

Unfortunately, ORS chapter 138 does not define the words "sentence" and "probation." The discussions of this bill in committee, however, demonstrate that the legislators assumed that probation was a type of sentence. Asked to explain why the bill was adding the phrase "cruel, unusual or excessive" to ORS 138.040, House Judiciary Committee Legal Counsel, Dennis Bromka, explained that the language should appear in "both .040 and .050 because both deal with the appeal of sentences." Minutes, House Committee on Judiciary, April 26, 1977, p 11. Testifying on behalf of the measure, Judge John Beatty declared that the phrase " 'cruel and unusual' might relate to conditions of probation imposed." *Id.* Another proponent of the bill, Edward Sullivan, Chairman of the Governor's Task Force on Corrections, testified that "probation conditions would be included in excessivity cases under the last two provisions of this bill." *Id.* at 13. One member of the committee, Representative Ted Bugas, sought to preclude appeals involving probation by introducing a proposed

amendment that would have limited appeals to "situations in which [there is a] conviction of felony and a *sentence of imprisonment* has been imposed." *Id.* (emphasis added). This proposal was rejected, but it shows that the legislators clearly assumed that "sentence" included "probation," and that the only way to preclude appeal from a "sentence of probation" was by limiting the bill's coverage to a "sentence of imprisonment." Although the question "Does the word 'sentence' include 'probation'?" was never squarely put, the hearings indicate that the legislators assumed that the answer to this question would be "Yes."

In interpreting the effect of the 1977 amendments on ORS 138.040 and 138.050, the Court of Appeals has addressed this question on several occasions and has answered affirmatively. In *State v. Fisher,* 32 Or App 465, 467, 574 P2d 354, *rev den* 283 Or 99 (1978), the defendant pleaded guilty and was given probation. The court concluded that the term "sentence" included an order of probation and that the defendant was therefore entitled to appeal the conditions of her probation under ORS 138.050. 32 Or App at 468. Likewise, *State v. Sprague,* 52 Or App 1063, 1066, 629 P2d 1326, *rev den* 291 Or 514 (1981), held that a defendant who had been convicted of a crime could appeal under ORS 138.040 from the conditions of probation imposed. The court concluded that the condition imposed—a curfew—was not cruel, unusual or excessive under the circumstances. 52 Or App at 1065-67. *See also State v. Douglas,* 82 Or App 222, 728 P2d 548 (1986) (condition of probation imposed in consequence of guilty plea is appealable under ORS 138.050 and is not cruel, unusual or excessive); *State v. Jacobs,* 71 Or App 560, 563, 692 P2d 1387 (1984) (condition of probation imposed in consequence of probation violation after guilty plea is appealable under ORS 138.050 and is cruel, unusual or excessive under the circumstances).[1]

The next amendment to the provisions of ORS 138.040 and 138.050 of any consequence to us here came in 1985. A bill receiving strong support from the Court of

---

[1] It is worth noting, as did the Court of Appeals in *State v. Jacobs,* 71 Or App 560, 564 n 1, 692 P2d 1387 (1984), that in *dictum* in *State v. Martin,* 282 Or 583, 588 n 4, 580 P2d 536 (1978), this court indicated that orders of probation would remain reviewable under ORS 138.050 even after the insertion of the word "sentence" by the 1977 amendments.

Appeals was introduced, aiming to narrow the scope of review of appeals under ORS 138.040 and 138.050. The proponents of the measure argued that the provision in both ORS 138.040 and 138.050 requiring the appellate courts to determine whether the sentence was "excessive in light of the nature and background of the offender or the facts and circumstances of the offense" was too broad and necessitated *de novo* review of the record. The measure deleted the scope of review provisions of former ORS 138.040 and 138.050, replacing them with language requiring the appellate court to determine whether the sentence imposed "exceeds the maximum sentence allowable by law or is constitutionally cruel and unusual." Or Laws 1985, ch 348, § 1, 2.

Opponents of the measure contended, in part, that it would drastically limit review of conditions of probation. Testifying on behalf of the bill, then Court of Appeals Judge (now Supreme Court Justice) Michael Gillette declared that this was incorrect. He opined that under the bill there "are two different ways in which a condition of probation may be challenged. The first is that it violates the constitution. The second—and this turns out to be the more important one—is that it is not related to the purposes for which probation would be imposed on this offender [*i.e.* it exceeds the maximum sentence allowable by law]." Minutes, Senate Judiciary Committee, June 11, 1985, p 22. Likewise, when Senator Margie Hendriksen expressed concern that the bill might unduly hamper review of conditions of probation, Metropolitan Public Defender Jim Hennings, who testified on behalf of the bill, declared that the amendment would only eliminate the necessity of *de novo* review of the record by the appellate court to determine whether the condition of probation was excessive in light of the facts and circumstances of this defendant and this crime. He added that under the amendment, probationers "still have a way of raising it [*i.e.* challenging the conditions of their probation] by changing the assignment of error to say [that] the condition of probation is not reasonably related to the crime and to the individual. This will make the proof element much harder than it is now." Minutes, Senate Judiciary Committee, June 12, 1985, p 15. Hence, in adopting these amendments to ORS 138.040 and 138.050, it is clear that the legislature again assumed that probation was a sentence subject to the scope of review laid out in those provisions.

I joined the dissent in *Carmickle*. Normally I would be content to let the matter rest, the battle having been fought and lost. As I reread ORS 138.040 and 138.050 in the majority opinion, and as I perused the discussion of these statutes on pages 464-65 of the majority opinion, I again thought, "This can't be right." This led me to the legislative history discussed above.

ORS 138.040 and 138.050 should be read together. We look to ORS 138.040 to see what decisions are appealable. The third sentence of ORS 138.040 "deems" a judgment suspending imposition of sentence to be a "judgment on a conviction." ORS 138.050 limits the scope of review on a subspecies of judgments on conviction—those in which the "defendant has pleaded guilty or no contest." In such cases, "the appellate court shall only consider the question whether a sentence * * * exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual." In this case, the defendant pleaded no contest. Imposition of sentence was suspended and he was placed on probation. The "sentence" is a judgment under ORS 138.040, but because the "sentence" was on a no contest plea, the appeal is under ORS 138.050 and our scope of review is limited by ORS 138.050. I agree that the condition of probation restricting defendant's access to a court of law is not authorized by ORS 137.540 (governing conditions of probation). It therefore "exceeds the maximum sentence allowable by law" under ORS 138.050. But for the reasons stated above, I submit that *Carmickle* should be overruled.[2]

Jones and Gillette, JJ., join in this concurring opinion.

---

[2] *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), was a 4-3 *in banc* decision. Only five of the seven present members of the court are participating in this case. Although three of us (all dissenters in *Carmickle*) constitute a majority in this case and would prefer to see *Carmickle* overruled, we do not believe that should be done by any majority smaller than that which decided *Carmickle* in the first place.