Argued and submitted January 30, probation condition requiring payment of costs
vacated; remanded for reconsideration; otherwise affirmed May 10, 1989

STATE OF OREGON,
*Respondent,*

*v.*

JOHN CHARLES MOORE,
*Appellant.*

(87-07-34018; CA A48540)

773 P2d 25

Mary M. Reese, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant pleaded no contest to sexual abuse in the first degree. ORS 163.425. The court found him guilty, suspended imposition of sentence and placed him on probation for five years. The court found defendant to be sexually dangerous and ordered him to complete a treatment program as one condition of probation. ORS 426.675(3)(a). Defendant contends that there was not sufficient evidence to support the imposition of that condition.[1] We conclude that the record contains sufficient evidence to support the court's action.

Defendant also challenges a condition of probation requiring that he pay all costs incurred by the state in providing him a defense. No amount was specified. We agree with the state's concession that the court's failure to do so was error. ORS 161.665(1); *State v. Tompkins,* 69 Or App 258, 259, 684 P2d 629 (1984).

Probation condition requiring payment of costs vacated; remanded for reconsideration;[2] otherwise affirmed.

---

[1] Because defendant was not sentenced, the issues that he raises are reviewable under ORS 138.040. *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

[2] Before *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), we would have remanded for resentencing.