Argued and submitted January 30, affirmed June 21, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT ALAN DIRKSEN,
*Appellant.*

(88CR-0052; CA A48858)

775 P2d 909

Mary M. Reese, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant pleaded guilty to theft in the first degree. ORS 164.055. The court suspended imposition of sentence and put him on probation for two years. His only claim of error is that the court abused its discretion by imposing certain conditions of probation. We affirm.

There are two threshold issues. The state first argues that, because defendant pleaded guilty, the issues that he can raise are limited by ORS 138.050 and, because an order of probation is not a sentence, *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), the order is not appealable or reviewable. That contention is disposed of in defendant's favor by *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

The state argues, alternatively, that defendant has waived his right to appeal by his voluntary election to accept the benefits of probation. It notes that *State v. Carmickle, supra,* establishes that defendant had the absolute and unilateral right to reject probation at the time of "sentencing" by objecting to its terms or conditions. He did not do so; consequently, according to the state, he elected to retain probation and enjoy its benefits. *See In re Petition of Dormitzer,* 119 Or 336, 249 P 639 (1926); *Washington v. Cleland,* 49 Or 12, 88 P 305 (1907); *Moore v. Floyd,* 4 Or 260 (1872). Although the court in *State v. Donovan, supra,* did not overtly address a contention of this nature, it did review a condition of probation and struck the condition while leaving the defendant on probation. We follow that process.

The conditions that defendant objects to relate to alcohol consumption and the means to monitor his conformance. His argument is that they are not reasonably related to the protection of the public or to his reformation, because there is no evidence connecting his alcohol use to criminal activity. We disagree. In response to defendant's written objection to the conditions of probation, the court pointed out that he had admitted that he is an alcoholic, that he has used drugs and that he had expressed no desire to achieve sobriety. Additionally, the person who prepared the presentence report said that alcohol and drugs were a contributing factor in defendant's criminal activity. The court did not abuse its discretion by imposing the challenged conditions of probation.

Affirmed.