Argued and submitted June 28, order of restitution vacated; remanded for reconsideration of restitution; otherwise affirmed September 27, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES ALLEN COLLINS,
*Appellant.*

(C880134CR; CA A49654)

779 P2d 627

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his conviction for theft in the first degree. ORS 164.055. He challenges only a condition of probation requiring that he pay $50,000 in restitution to the victim,[1] arguing that the court failed to take into account his financial resources, as required by ORS 137.106, in determining the amount of restitution.[2]

The court placed defendant on probation for five years and ordered that he serve one year in the county jail. He was to pay the restitution in its entirety 30 days before the expiration of probation, or within five years. At the time that it ordered restitution, the court had available the presentence investigation report and defendant's statements at the sentencing hearing regarding his financial situation. The presentence report indicated that defendant was working for a temporary service, that he had last worked for it three months before, that he at times had held odd jobs through the Employment Division and that he had had other short term jobs. The report concluded that defendant's work history was "somewhat unstable and sporadic."

The report also indicated that defendant owed $60 on a traffic fine, had a $500 dental bill outstanding and paid $370 per month rent. The only asset that he reported was a 1973

---

[1] We review the condition of probation under ORS 138.040, even though defendant pleaded guilty. *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

[2] ORS 137.106 states:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment.

"(3) If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow the defendant to be heard on such issue."

automobile. Defendant's domestic associate was employed at $8 per hour. They have a 13-year-old child. Nothing at the restitution hearing altered that economic picture.[3]

We review for abuse of discretion. *State v. Deloge*, 55 Or App 742, 744, 639 P2d 1293 (1982). From the record, there is no evidence that defendant has sufficient assets or will be able to obtain, let alone retain, a job that will allow him to pay the amount of restitution ordered by the trial court.

Order of restitution vacated; remanded for reconsideration of restitution; otherwise affirmed.

---

[3] The state points to defendant's statements at the restitution hearing that he had, at times, spent $200 to $300 per day on drugs as evidence of income that he could now apply to restitution. That is not evidence that defendant currently had a legitimate source of income from which to pay restitution.