***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 24, affirmed February 23, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT WAYNE NIELSEN,
*Defendant-Appellant.*

Coos County Circuit Court
21CN01314; A175919

Andrew E. Combs, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hellman, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In April 2021, defendant was found in contempt of court for twice violating a restraining order. As part of his sanction, he was placed on bench probation for 18 months. His probation conditions included that he must obtain a drug and alcohol evaluation within 28 days and that he must enter and successfully complete a domestic violence program. On appeal, defendant raises two assignments of error, challenging those two conditions. Meanwhile, defendant completed his probation in October 2022.

Because defendant has completed probation, the first question is whether the case is moot, *i.e.*, whether a "decision no longer will have a practical effect" on the parties' rights. *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15, 376 P3d 288 (2016) (internal quotation marks omitted). Defendant argues that it is not moot, citing the $150 cost for the drug and alcohol evaluation that he was ordered to complete, as well as alleged stigma attendant to the challenged probation conditions. It seems likely that the case is moot.[1] However, for present purposes, we assume without deciding that the case remains a live controversy and proceed to the merits.

Under ORS 137.540(2), the trial court has authority to impose special conditions of probation "that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." Defendant argues that the challenged conditions do not meet that standard, because the acts of contempt—*i.e.*, the two incidents in which defendant violated the restraining order—did not themselves involve drugs, alcohol, or domestic violence. The state responds that the underlying restraining order arose from repeated incidents involving substance abuse and domestic violence; that, barely a week after the restraining order issued, defendant

---

[1] It is unclear from the record whether defendant ever obtained and paid for the drug and alcohol evaluation. If not, he is under no obligation to do so now that his probation has expired. If so, it is not apparent how a successful appeal would benefit him financially, in that, unlike a court fine or fee imposed in error, it is not obvious how a payment that defendant may have made in the past to a third party for a service rendered could be recouped. We are unpersuaded that the cited stigma alone would be sufficient to avoid mootness in this case.

violated it twice in three days; and that, under the circumstances, the challenged probation conditions were reasonably related to defendant's needs, both for the protection of the public and for his own reformation, regardless of whether they were related to the specific acts of contempt.

The trial court generally has "wide discretion" in imposing special conditions of probation, so long as they meet the statutory standard. *State v. Bell*, 276 Or App 21, 25, 366 P3d 756 (2016). The purpose of rehabilitation may be served by requiring the defendant "to abstain from types of conduct shown to have played a role in his past offenses or to take affirmative steps toward developing better patterns of behavior," while recognizing that courts do not have "open-ended discretion to rearrange an offender's life." *State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989).

On this particular record, we agree with the state that the trial court did not exceed its statutory authority in imposing the challenged conditions. There is no evidence that defendant was under the influence of substances either time that he violated the restraining order, nor is there any evidence that he assaulted the protected person on either of those occasions. However, given the facts underlying the imposition of the restraining order, the direct relationship between a restraining order and a restraining-order violation, and, perhaps most importantly, the extremely short period of time between the imposition of the restraining order and defendant twice violating it, we are persuaded that the special conditions are sufficiently related to defendant's needs that the court had authority to impose them. Accordingly, we affirm.

Affirmed.