On respondent's reconsideration filed August 20, former opinion filed July 21, 1980 (47 Or App 305, 614 P2d 1180), reconsideration denied February 9, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES TYRONE STEPHENS,
*Appellant.*

(No. C7807-11349, CA 14286)

623 P2d 1076

John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, for petition.

GILLETTE, J.

**GILLETTE, J.**

In our prior decision in this case, *State v. Stephens,* 47 Or App 305, 614 P2d 1180 (1980), we reversed and remanded the revocation of defendant's probation based upon evidence seized in a search of his person and his house because, as we viewed the evidence, the search was conducted pursuant to a "condition" of probation imposed by his probation officer rather than by the trial court. The State has petitioned for Supreme Court review, and the matter is now before us for reconsideration. Rule 10.10, Rules of Appellate Procedure. The State argues that we have premised our decision upon an incorrect view of the facts. We disagree.

In our original opinion, we described the facts as follows:

"* * * When the search party arrived at defendant's residence, defendant's wife answered the door and, when Teman identified himself as her husband's probation officer, she admitted the officers. Both Teman and Frank [,another probation officer,] went directly to where defendant was seated. Frank testified:

'I then advised Mr. Stephens that we were there to execute the search policies [*sic*] that he signed as a condition when he signed his conditions of supervision and I said, "I would like to start by searching you. Would you please stand up?" He says, "Yes, sir," and he stood up and I shook him down for weapons.'

"The ensuing search of defendant's residence and automobile yielded, in addition to the sawed-off shotgun found in defendant's bedroom dresser drawer, an assortment of clubs and 'slugging devices,' marijuana seeds and a controlled substance identified as a Quaalude pill. Also, a framed copy of his indictment and a newspaper story of the assault for which defendant was convicted were taken from defendant's living room wall. The trial court understandably concluded that defendant was not benefitting from probation." 47 Or App at 308.

We interpreted the quoted passage of testimony to mean that the probation officer was acting on a condition of supervision set by him and not by the court. Based upon this interpretation, we reversed and remanded defendant's probation revocation, saying,

"* * * In this case, the probationer was given into [the probation officer's] charge without the condition which the state tries to utilize here. To permit the probation officer to set new and different rules would give the probation officer a power not given to courts. * * * This condition of probation was not a true condition, the search conducted pursuant to it was not a lawful search, and a revocation of probation based upon evidence seized during that search is invalid. * * *" *Id.,* 47 Or App at 313. (Citations omitted).

The State now contends that we have misunderstood the basis of the probation officer's search authority. That authority, the State argues, is inherent in the probation officer's function. Thus, the State argues, while there may not have been a "condition" of probation authorizing the search in question here, there was a "policy" of doing so and that "policy" was a sufficient basis for the officer's actions.

We reject this theory. The authority to require that a probationer dispense with his Fourth Amendment rights lies with the court alone. Whether labeled a "condition" or a "policy," the officers' acts here exceeded their authority.[1]

Petition for reconsideration denied.

---

[1] The State does not here argue that the search in question was by *consent.* The evidence, in any event, shows that it was not. The defendant was simply *told* that the officers were going to search. We express no opinion as to whether a different result would obtain if the officers, instead of searching, had simply asked for permission to search and, when consent was refused, had arrested defendant for violation of one of the standard conditions of probation.