Argued and submitted June 25, reversed and remanded December 19, 1984

STATE OF OREGON,
*Respondent.*

*v.*

TROY LYNN JACOBS,
*Appellant.*

(C82-09-37343; CA A29458)

692 P2d 1387

Clint A. Lonergan, Portland, argued the cause for appellant. With him on the brief were Howard R. Lonergan and Richard L. Lonergan, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals an order that found that he had violated his probation and that imposed additional conditions on continued probation. ORS 137.540(6). We reverse and remand.

Defendant pleaded guilty to burglary of a home in Troutdale. It was located near his mother's house where he resided. The court ordered probation largely because of defendant's plans to take computer courses at school. The court did not follow the presentence report recommendation that defendant serve a year in jail.

Early in the probationary period, the probation officer searched defendant's residence. He found a 12" to 14" kitchen knife and a broken pool cue under defendant's bed, several marijuana "bongs" containing drug residue in defendant's dresser and three or four marijuana seeds inside a metal container on a living room coffee table. Defendant had withdrawn from the course at school without informing his probation officer and had also thrown eggs and a bicycle sprocket at a neighbor's house.

At the probation revocation hearing the probation officer testified:

> "The situation with Mr. Jacobs and the community poses a real volatile situation. I'm extremely concerned about his safety and I'm also concerned about the safety of the population of the community out there. The situation is out of hand at this time, I believe. I have spent anywhere from 12 to 15 hours of listening to these people complain and making complaints against [defendant]."

Defendant's mother testified that "I think it's best, and Troy does too, that he leave our neighborhood. * * * I have an apartment lined up [outside of Troutdale] that I can have available today." Defendant testified:

> "Q. And what do you think the best thing for you to do is?
>
> "A. I don't want to go back to Troutdale because I figured I was making an impression. I'd had one neighbor come over to my house and tell me so. That was the Gullabys. * * * Their house had been burglarized and at first they'd said things like they thought I'd done it. Then a couple nights later

they came over, and my mom can be a witness to this, they said they were sorry and that they felt they knew better now and that they were actually proud of me that I was making a change.* * *

"* * * * *

"Q. You heard your mother testify about moving out of the neighborhood. Would you be willing to do that?

"A. Very much so."

The court ordered as additional conditions of continued probation that "[d]efendant shall not reside in Troutdale, Oregon," and that he serve one year in the county jail with school release pass privileges. The following exchange then occurred:

"[Defendant's counsel]: For the record I would have to object because the Court of Appeals says you have to at the time of sentencing to the condition about not living in the Troutdale area. I don't think that's constitutionally legal any more.

"THE COURT: It might not be, but I think a small enough area is, is it not? I'm not requiring that he leave, get out of town, leave the jurisdiction of this Court, but I find that there are just too many problems that are going to occur out in that area.

"[Defendant's counsel]: Nonetheless, I feel it's my duty to object to that condition.

"THE COURT: If you want to come back and present a more refined definition of that, I would certainly entertain that at a future date. If Mr. Jacobs wants to live in Troutdale, but in a situation out of the conflicts that I've heard about here in Court, I would certainly consider that and your objection to the general order stands."

■ Defendant assigns as error that the court ordered as a condition of probation that he not reside in Troutdale. The state argues that defendant waived the objection, because he did not respond to the court's invitation to present "a more refined definition." Defendant preserved the issue and may raise it on appeal. *See* ORS 138.040; *State v. Hovater,* 37 Or App 557, 561, 588 P2d 56 (1978). The question is whether the order is "cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense." ORS 138.050; *see State v. Martin,* 282 Or 583,

588, 580 P2d 536 (1978); *State v. Sprague,* 52 Or App 1063, 1065, 629 P2d 1326 (1981). In *Martin* the court stated:

> "[A]n 'excessive or unusual punishment' is one that is unrelated to the offense *or that goes beyond that necessary to accomplish the purpose of the punishment.* The purposes of probation include rehabilitation and the freedom of the individual, as long as these are consistent with public safety. * * * Thus, a condition of probation that is not related to the offense or does not promote public safety or rehabilitation is not permitted under the statute." 282 Or at 588. (Emphasis supplied.)[1]

■ Although the condition forbidding residency in Troutdale is related to protecting the neighbors' safety, *see State v. Sprague, supra,* it was excessive. It went "beyond that necessary to accomplish the purposes of the punishment." Defendant had abused his immediate neighbors, but the order prohibits him from residing anywhere in Troutdale. As the court's comments suggest, it should have been more narrowly drawn.[2] The residency restriction, however, can be stricken or modified without affecting the balance of the order. *See Cassell v. Cupp,* 296 Or 488, 492, 677 P2d 693 (1984). On remand, the trial court may wish to consider whether to reimpose a modified condition that reasonably restricts defendant's residency within Troutdale.

■ Defendant also assigns as error that the court found

---

[1] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

*State v. Martin, supra,* interpreted *former* ORS 138.050, but the court noted that its analysis applies to the current statute. 282 Or at 588 n 4. *See also* ORS 137.540(2), which provides that special conditions of probation are "for the protection of the public or reformation of the offender * * *."

[2] Because ORS 138.050 invalidates the condition, we do not consider defendant's constitutional arguments.

that his possession of the knife and broken pool cue violated his probation.[3] Whether or not that particular behavior violated a condition of probation,[4] defendant's assertion does not affect the result. The court found that defendant was "in violation of the conditions of probation" and ordered that he serve one year in the county jail, because he had repudiated his school plans.[5] Moreover, a court may revoke or modify probation for reasons other than violation of general or specific conditions if the purposes of probation are not being served. *See Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964); *State v. Stephens, supra* n 4, 47 Or App at 310. The court's discretion is

---

[3] Defendant's contention that Article I, section 27, of the Oregon Constitution protects his right to "bear arms" during his probation period is meritless.

[4] Defendant asserts that the court did not authorize a special probationary condition that prohibited possession of *these* weapons. None of the general or special conditions of defendant's probation prohibited his possession of the knife or broken pool cue. ORS 137.540(1)(b) prescribes as a general condition of probation that defendant must "[a]bide by the direction of the probation department and its representatives." Defendant's probation officer told him not to possess *any* weapon. At his request, defendant then signed a form in which he agreed not to possess *firearms.* Although a probation officer "can make reasonable adjustments in supervision in light of changing circumstances," *State v. Stephens,* 47 Or App 305, 312, 614 P2d 1180 (1980), 50 Or App 595, 623 P2d 1076 (1981), ORS 137.540(1)(b) does not give authority to impose special conditions of probation. Only the court may do that. *State v. Pike,* 49 Or App 67, 70, 618 P2d 1315 (1980).

[5] The court stated:

"'* * * The presentence report recommended that you serve a year in jail. I put a lot of stock in what [defendant's counsel] said were his personal experiences as far as working with you and seeing the interest in your computer training. I put a good deal of stock in what your mother said as far as what she'd done as far as buying a computer for you. I gave a lot of credit to your statements that you've started the computer work, that all you were interested in was pursuing your classes, doing your work at home on the computer and that was going to take up most of your time, and then the next thing I hear is that without telling your probation officer you've quit. As you say, to change a program, but I don't really credit that.

"What I feel is that at the time you spoke to me and the time I imposed probation, I wasn't getting a straight story from you, and I'm not going to — well, *I originally went another direction from the presentence report that recommended a year because of all the factors that I've given you.* I feel after having listened to you and see how you've performed that that was not the proper decision, that your dropping out of school shows me a lack of sincerity, a lack of effort. You should have talked to your probation officer. If you couldn't cut the classes, couldn't make the classwork, that's understandable. But the way you went about getting into another program, taking another route, is not understandable. That's a very serious violation of probation, and *because of that I am going to require that you serve a year in the county jail.* It is going to be with school passes, so if you're sincere about a program at Western Business College, Mount Hood college, any other program that's approved, you'll be given release time." (Emphasis supplied.)

"guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime." *Barker v. Ireland, supra,* 238 Or at 4. The trial court could consider that defendant's possession of the knife and pool cue showed that probation as then conditioned was not serving its purposes. Additionally, defendant's possession of marijuana seeds and paraphernalia independently supports the court's finding.

Defendant's final assignment, that the court erred in admitting evidence of events that occurred before probation, is meritless. The court only relied on evidence of events that occurred during probation.

Reversed and remanded for further proceeedings not inconsistent with this opinion.