Argued and submitted August 28, 1986, reversed and remanded March 25, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## BLAIN FERRE,
*Appellant.*

(85-2172; CA A38884)

734 P2d 888

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

**WARREN, J.**

Defendant appeals an order modifying a condition of his probation. He argues that the condition that he not enter Coos County except for court appearances and only on written authorization from the court through the probation officer's supervision is unconstituionally cruel or unusual or in excess of the sentence authorized by law for the crime and out of proportion to the offense. We reverse.

Defendant was charged with three counts of burglary in the first degree, one count of assault in the fourth degree and one count of harassment, all of which arose from an incident that occurred on November 10, 1985. He was staying in Eugene while he and his estranged wife, who lived in North Bend, were in the process of dissolving their marriage. He was under a restraining order not to have contact with his wife. On the night of the offense, he received a threatening phone call from a man who claimed that he had been having sexual relations with defendant's wife. Defendant became upset, took his "numchukas" and drove for two and one-half hours to North Bend, where he broke into his estranged wife's home, assaulted her and struggled with the wife's male companion and another man.

Defendant pled guilty to burglary in the second degree and was convicted and placed on supervised probation for five years with imposition of sentence suspended. The trial court required, as a condition of probation, that defendant not enter Coos County except with the court's permission. Defendant indicated in both the presentence report and at the sentencing proceedings that he intended to relocate permanently in Eugene.

In *State v. Martin,* 282 Or 583, 588, 580 P2d 536 (1978), the court stated:

> "[A]n 'excessive or unusual punishment' is one that is unrelated to the offense or that goes beyond that necessary to accomplish the purpose of the punishment. The purposes of probation include rehabilitation and the freedom of the individual, as long as these are consistent with public safety. *Sobota v. Williard,* 247 Or 151, 153, 427 P2d 758 (1967); *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964). Thus, a condition of probation that is not related to the offense or does not

promote public safety or rehabilitation is not permitted under the statute." (Footnote omitted.)

Here, the court was concerned for the safety of defendant's wife and her friends and the possibility that, if defendant had contact with her, he might engage in further criminal behavior. At sentencing, the trial judge stated:

"Now, Mr. Ferre, there may be threats going back one way or both ways. The only problem we have is you're the only one that has carried them out. And you came down here with a weapon. And the only reason you came down here with a weapon was probably to do something with that weapon. The fact that somebody threatened you in Eugene doesn't mean they could do anything to you, because they're two and a half hours away. But you decided to come down to do something about it. * * *

"* * * * *

"I've entered the Order about Coos County because your wife lives here, and I don't want you in the county. * * *

"* * * * *

"My only concern is to make sure that you don't injure anybody else, and it's time you get some help."

The presentence report showed that defendant had ignored the restraining order that was in effect when he drove to his wife's home and assaulted her and her companions. In addition, the court stated that the psychological evaluation in the report indicated that defendant is "fairly dangerous." Although precluding defendant from entering Coos County without permission promotes the purpose of protecting the victims in this case, it is broader than necessary to accomplish that purpose. There is no indication that defendant poses a threat to anyone in Coos County outside of North Bend. On this record the geographical restriction is unnecessarily broad. The trial court may draw a more limited geographical area. If the area is sufficiently limited, the court may properly require defendant to obtain permission, on a showing of justification, to enter that area. *See State v. Jacobs,* 71 Or App 560, 564, 692 P2d 1387 (1984).

Reversed and remanded for further proceedings not inconsistent with this opinion.

**ROSSMAN, J.,** dissenting.

I dissent. The trial court record shows that the condition of probation was related to the offense and promotes public safety and rehabilitation. Considering the trial court's valid concern for the potential harm to the victims, I do not believe that the restriction is too broad. Accordingly, I would affirm.