Argued and submitted February 28, condition of parole regarding residence vacated;
otherwise affirmed June 24, 1992

## JIMMY OWENS,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A67663)

834 P2d 547

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave B. Frohnmayer, Attorney General, and Virgnia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision establishing his parole release date and special conditions for supervision of parole.

Before reaching the merits of petitioner's challenges, we address the Board's argument that we should dismiss the judicial review for lack of jurisdiction. The relevant sequence of 1990 events is:

| | |
|---|---|
| October 10 | Board established a parole release date and conditions of parole. |
| October 25 | Board mailed the order to petitioner. |
| November 21 | Petitioner requested administrative review of the order. |
| December 6 | Board issued its order denying administrative review. |
| December 14 | Petitioner filed a petition for judicial review. |

Petitioner requested review of "the final order of the Board of Parole dated 10/10/1990 and mailed 10/25/1990" (October 25 order) and attached a copy of that order to the petition.

ORS 144.335(1) provides:

"When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole or the revoking of post-prison supervision and *after exhaustion of administrative review as provided by board rule,* such person is entitled to judicial review of the final order." (Emphasis supplied.)

Section (1) was amended in 1989 to include the requirement that an inmate exhaust administrative review before seeking judicial review. Or Laws 1989, ch 790, §41. ORS 144.335(2) requires that the petition to the Court of Appeals be filed "within 60 days of the final order for which review is sought."

Citing our holding in *Denham v. Board of Parole,* 106 Or App 234, 806 P2d 1167 (1991), the Board contends that

the petition ought to be dismissed, because petitioner has not sought review of a "final order," in that he specified for judicial review the October 25 order, instead of the subsequent Board order denying administrative review.

■ The issues in *Denham*, however, were timeliness and the effect of petitioning for judicial review of the administrative order. The holding in that case does not resolve the issue of the effect of specifying in the petition for judicial review the original order. We hold that, under ORS 144.335, this court has jurisdiction of a petition for judicial review if: (1) at the time the petition is filed, there is a final order of the Board related to the granting, revoking, or discharging of parole or the revoking of post-prison supervision; (2) the petitioner timely requested administrative review of that order; (3) the Board issued an order on administrative review; and (4) the petitioner filed the petition for judicial review within 60 days after issuance of the order on administrative review. It is immaterial whether the petition for judicial review specifies the original order or the order on administrative review. It also is jurisdictionally immaterial whether a copy of either order is attached to the petition. ORS 144.335 does not require the petition to identify the order for which judicial review is sought nor require the petition to have appended to it a copy of either the original decision or the decision on administrative review. ORAP 4.15(4) requires that a petition have appended to it a copy of the order for which judicial review is sought for the administrative convenience of the court.

In this case, the October 25 order unequivocally states a parole release date and conditions of parole. Petitioner timely sought administrative review of that order and filed his petition for judicial review within 60 days after issuance of the order denying administrative review.

The Board also contends that petitioner cannot seek judicial review of the order setting the conditions of his parole until an order is issued that actually releases him on parole. It reasons that ORS 144.335 authorizes judicial review only of the "final order" and that, because the Board can add, delete or modify conditions of parole until it issues the order actually releasing the inmate on parole, an earlier order is not final.

■ That argument proves too much. It is true that an inmate's release date is not "final" until actual release on parole. Nevertheless, an order establishing an inmate's *prospective* parole release date is subject to judicial review. If it were not, every challenge to the Board's decision about the release date would necessarily be premature. An order setting the parole release date is sufficiently "final" to be judicially reviewable. We conclude that conditions of parole imposed by that order, notwithstanding that the Board may later change those conditions, are reviewable. We have jurisdiction to review the petition under ORS 144.335(1).

■ Petitioner's brief assigns error to various aspects of the Board's calculation of his parole release date as well as to the requirement barring him from entering or residing in Multnomah County. We find no error regarding the establishment of petitioner's release date. However, we conclude that the Board erred in imposing the parole condition that prohibits him from entering or residing in Multnomah County. We assume that the Board's purpose was to protect the victim or other potential victims. However, we conclude that the restriction is broader than necessary to accomplish that purpose. *See State v. Ferre*, 84 Or App 459, 461-62, 734 P2d 888 (1987).[1]

The protective concern was addressed in additional parole conditions that petitioner does not challenge: *e.g.*, he must register as a sex offender and receive treatment; he may not have contact with minor males or go to any places that minor males frequent; and he may not have *any* contact *whatsoever* with the victim or the victim's family. Given those

---

[1] In *Ferre*, we concluded that a probation condition that the defendant not enter Coos County was improper. In disapproving that geographical restriction, we said:

"The presentence report showed that defendant had ignored the restraining order that was in effect when he drove to his wife's home and assaulted her and her companions. In addition, the court stated that the psychological evaluation in the report indicated that defendant is 'fairly dangerous.' Although precluding defendant from entering Coos County without permission promotes the purpose of protecting the victims in this case, it is broader than necessary to accomplish that purpose. There is no indication that defendant poses a threat to anyone in Coos County outside of North Bend. On this record the geographical restriction is unnecessarily broad. The trial court may draw a more limited geographical area. If the area is sufficiently limited, the court may properly require defendant to obtain permission, on a showing of justification, to enter that area. *See State v. Jacobs*, 71 Or App 560, 564, 692 P2d 1387 (1984)." 84 Or App at 462.

safeguards, there is no articulable reason why petitioner should be precluded from entering or residing in Multnomah County. Without a showing that petitioner poses a potential threat not already addressed by the other parole conditions, the geographical restriction in this case is unnecessarily broad.

Condition of parole prohibiting petitioner from entering or residing in Multnomah County vacated; otherwise affirmed.