Argued and submitted January 7, remanded for modification of dispositional order
February 9, 1994

In the Matter of
Joey Wingerter, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Joey WINGERTER,
*Appellant.*

(9204-81469-40; CA A78469)

868 P2d 1346

Kelly M. Doyle argued the cause for appellant. On the brief was Patrick A. Butler.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

■ Child was found to be within the jurisdiction of the juvenile court for having committed acts which, if committed by an adult, would constitute sexual abuse in the third degree, a misdemeanor. He assigns error to the court's order requiring him to submit to a blood draw as a condition of probation. The state contends that we lack jurisdiction to resolve the claimed error, because the Order Amending Conditions of Probation, which imposed the blood draw condition, was signed and entered after the court's dispositional order and is neither referred to in or attached to child's notice of appeal.

We conclude that we have jurisdiction to consider the claimed error. The main dispositional order, which is attached to the notice of appeal, specifically defers ruling on the blood draw condition of probation. The subsequent order amending the conditions of probation and requiring the blood draw completes the disposition. It was entered well before the notice of appeal was filed. Given the court's decision to defer its ruling, the two documents together constitute the final dispositional order. Child attached and referred to the main dispositional order in his notice of appeal. In light of the interdependency of the two documents, we conclude that child's failure to attach or refer to the subsequent order amending the conditions of probation is not a jurisdictional defect. *See Owens v. Board of Parole*, 113 Or App 507, 510, 834 P2d 547 (1992).

■ The state concedes that the court erred in imposing the condition, as ORS 419.507(11)(a) allows blood draws from juveniles only in cases involving acts that would constitute a felony, which sexual abuse in the third degree is not. We accept the state's concession, and hold that the trial court erred in imposing the condition that child submit to blood draws.[1]

Child also assigns error to the court's refusal to proceed with an alternate disposition by treating this case as a dependency matter instead of a delinquency matter. There was no abuse of discretion. *See State ex rel Juv. Dept. v. Bishop*, 110 Or App 503, 823 P2d 1012 (1992).

---

[1] Given our disposition, we need not address child's constitutional challenge to the statute.

Finally, child contends that there is insufficient evidence in the record to establish that he is within the juvenile court's jurisdiction. On *de novo* review, we hold that the finding of jurisdiction was correct.

Remanded for modification of dispositional order.