Argued and submitted July 11, 1996, reversed and remanded for reconsideration March 12, petition for review allowed September 23, 1997 (326 Or 57)

HARRY JAMES MARTIN,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A89428)

934 P2d 626

George W. Kelly argued the cause and filed the brief for petitioner.

Christine Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

Leeson, J., concurring.

## LANDAU, J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (Board) requiring, as a condition of post-prison supervision, that he not enter most of Lane County. He contends that such an extraordinary condition is broader than necessary. The Board contends that it is permitted to impose "whatever special conditions it deems necessary" and, as long as the determination is not inconsistent with an agency rule, stated agency position or practice in some unexplained fashion or otherwise in violation of a constitutional or statutory provision, it is for all intents and purposes unreviewable by the courts. We conclude that the Board failed adequately to explain why the condition it imposed is necessary and reverse and remand for reconsideration.

Petitioner was convicted of sodomy in the first degree and sexual abuse in the first degree. As a condition of petitioner's release from prison, the Board required, among other things, that petitioner refrain from having any contact with minors, that he refrain from frequenting "any places where minors are likely to congregate," that he have "no direct or indirect contact [with] victim or victim[']s foster family" and that he may "not enter Lane County," where the minor victim resides. Petitioner requested administrative review, arguing that his family and potential employment are located in Lane County. The Board modified its restriction on petitioner's ability to enter Lane County:

"The Board hereby modifies special condition 10 to allow you to travel in wester̆n Lane County along State Route 101 and the adjoining coastal cities. You are prohibited from entering Lane County beyond 5 miles east of State Route 101. The Board has considered your request for conditional entry into Lane County and the information supporting that request. However, the Board remains convinced that the state's interest in protecting the victim of your sodomy and sex abuse convictions outweighs your interest in carrying on your personal affairs in the prohibited areas."

On review, petitioner argues that the Board's condition is "broader than necessary" to achieve the stated goal of protecting the victim from having any contact with him. In

support of his contention, he relies on *Owens v. Board of Parole*, 113 Or App 507, 834 P2d 547 (1992), and *Dingman v. Board of Parole*, 114 Or App 516, 835 P2d 958 (1992), both of which held that the Board could not impose a parole condition prohibiting an offender from entering an entire county, because such a condition was "broader than necessary" to accomplish the stated "purposes of protecting the public and reforming" the offenders.

The Board acknowledges our decisions in *Owens* and *Dingman* and urges us to overrule both. According to the Board, in neither case did we articulate, much less apply, the correct standard of review, and so the cases must be rejected as incorrectly reasoned. The Board contends that we may review its decision only to see whether it is outside the range of discretion delegated to it by the legislature or whether it is inconsistent with an agency rule, official position or practice in some unexplained way or otherwise in violation of a constitutional or statutory provision. Because no one contends that it acted contrary to any rule, official position, practice, constitutional or statutory provision, the Board reasons, its decision in this case is subject to reversal only for an abuse of discretion. The Board contends that the statute that prescribes the range of its discretion permits it broadly to "establish such special conditions *as it shall determine* are necessary." ORS 144.102(3) (emphasis supplied). Accordingly, the Board concludes, because it did determine that its condition was necessary in this case, its decision is beyond judicial reproach.

At the outset, we acknowledge that in both *Owens* and *Dingman* we did not articulate the proper standard of review. Nevertheless, we conclude that they both were correctly reasoned and that those cases require that we reverse and remand this case.

ORS 144.335(1) provides that a person over whom the Board exercises its jurisdiction who has been adversely affected or aggrieved by a final order of the Board may seek judicial review by this court. ORS 144.335(5) further provides that, on such review, this court "may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8)." That statute, in turn, provides:

"(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

ORS 183.482(8). The sole question before us here is whether the Board's order, imposing the condition that petitioner avoid nearly all of Lane County, is "[o]utside the range of discretion delegated to the agency by law." ORS 183.482-(8)(b)(A).

The range of discretion delegated to the Board concerning conditions is set forth in ORS 144.102(3), which provides:

"The board may establish such special conditions as it shall determine are necessary because of the individual circumstances of the person under post-prison supervision."

That grant of discretion is a broad one: The Board is authorized to impose whatever conditions "as it shall determine are necessary." Nevertheless, we do not read the statute to issue to the Board a "blank check." The language of the statutory grant of discretion refers to "necessity," which has meaning only in a context of statutory objectives. Moreover, it

expressly provides for judicial review, and that implies that there must be something meaningful for the courts to review. We turn, then, to the statutory objectives that define the limits within which the Board may determine the necessity of a condition of post-prison supervision and the limitations on the Board's decision-making authority that the law imposes.

The framework within which the Board may impose conditions of post-prison supervision is the legislatively mandated development of sentencing guidelines. In requiring the development of the guidelines, the legislature declared that

> "[t]he primary function of sentencing in this state is to punish each criminal offender appropriately and insure the security of the public in person and property."

Or Laws 1987, ch 619, § 2(a). The legislature also noted as relevant considerations the

> "severity of the offense, criminal history of the offender, aggravating and mitigating circumstances of the offense, performance under probationary supervision, deterrence, reformation, prevention of recidivism, effective capacity of state and local corrections facilities and other sentencing sanctions available."

Or Laws 1987, ch 619, § 2(b).

In that context, the law also provides for the preparation of a release plan for each prisoner before his or her release from prison. The Department of Corrections is required to prepare the plan and is instructed by law to include "conditions and requirements as may be necessary to promote public safety," ORS 144.096(1)(d), and "[a]ny conditions necessary to assist the reformation of the offender," ORS 144.096(1)(f). The plan then is submitted to the Board for modification, if necessary, and approval. ORS 144.096(2) and (3). The Board is required to specify in writing the conditions of post-prison supervision imposed under ORS 144.096. ORS 144.102(1). The Board also is authorized to modify those conditions and "include among other conditions," that release is conditioned on

> "such special conditions as it shall determine are necessary because of the individual circumstances of the person under post-prison supervision."

ORS 144.102(3).

■ Given the context within which the Board's determination is required to take place, it seems clear that the "necessity" of special conditions must be determined in reference to the statutory objectives that are repeated throughout the sentencing and post-prison supervision statutes, namely, the protection of public safety and the reformation of the offender. The Board insists that, because the special conditions are included "among *other* conditions" than those imposed under ORS 144.096, the special conditions need not relate to the statutory objectives of promoting public safety and reformation of the offender, which are mentioned in ORS 144.096. We are not persuaded. To begin with, the Board's reading of the statute is in no way compelled by its language; simply because the Board is authorized to impose other conditions does not necessarily mean that the other conditions are not also subject to the statutory objectives that otherwise define the limits on conditions that may be imposed. Aside from that, the Board's construction leaves the agency essentially free to define its own authority, that is, free to determine what is "necessary" in relation to whatever goal it determines may be relevant. As we have noted, such a result is clearly at odds with the express requirement that the Board's decisions be subject to judicial review.

In addition to the specific substantive limitations on the Board's discretion that we have described, there are limitations on its decision making that are imposed as a function of the statutory provision for judicial review. Of particular importance to this case is the requirement that the agency make findings of fact and provide an explanation as to why its findings lead to the conclusions that it reaches. As we explained in *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975):

"If there is to be any meaningful judicial scrutiny of the activities of an administrative agency—not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an *ad hoc* basis—we must require that its order clearly and precisely state what it found to be

the facts and fully explain why those facts lead it to the decision it makes."

In the light of the foregoing authority, we return to our decisions in *Owens* and *Dingman*. In *Owens*, we declared, without further explanation, that

"the Board erred in imposing the parole condition that prohibits [the petitioner] from entering or residing in Multnomah County. We assume that the Board's purpose was to protect the victim or other potential victims. However, we conclude that the restriction is broader than necessary to accomplish that purpose."

113 Or App at 511. In *Dingman*, we similarly stated:

"Although we assume that the Board's purpose was the protection of the public, the condition is broader than necessary to accomplish the purposes of protecting the public and reforming petitioner. * * * The protective concern was addressed in the parole condition that petitioner not have any contact with the victim or the victim's family. On this record, because there is no showing that petitioner poses a potential threat not already addressed by other parole conditions, the restriction is unnecessarily broad."

114 Or App at 517.

Although we did not articulate the correct standard of review in either case, it is clear that both were correctly reasoned. In both, we noted that the Board's determination of necessity was required in the context of serving the statutory goals of protecting the public and reforming the offender. In both, we concluded that the Board simply had failed to explain why the condition of eviction from an entire county was necessary to achieve those objectives. In *Dingman*, in particular, we noted that the Board already had imposed the condition that the offender have no contact with the victim or the victim's family and that, under the circumstances, it was difficult to determine how the Board could have concluded that it was "necessary" to impose the additional condition of prohibiting the offender from entering the county. *Dingman*, 114 Or App at 517.[1]

---

[1] We acknowledge, however, that, although the *Owens* and *Dingman* decisions were correctly *reasoned*, their ultimate dispositions were in error. In both cases, we reversed outright, instead of remanding for reconsideration, as is the proper disposition under ORS 183.482(8)(b).

■     The findings and conclusion in this case are nearly identical to those in *Owens* and *Dingman*, and they accordingly suffer the same flaws. The Board has not explained why excluding petitioner from the bulk of Lane County is "necessary" to either of the statutory objectives of protecting the public or reforming the offender. Indeed, it is questionable that the Board made any finding of necessity at all. The Board merely concluded that its special condition is "reasonably related to the goals of post-prison supervision." Moreover, as in *Dingman*, the Board in this case already required that petitioner refrain from having any contact with minors, that he not frequent any places where minors are likely to congregate and that he have no direct or indirect contact with either the victim or the victim's foster family. We thus are faced with the same question we posed in *Dingman*, which is how the Board arrived at the conclusion that the additional condition of excluding petitioner from the county is "necessary." We do not hold that the Board *cannot* reach that conclusion. We do hold, however, that, to establish that it exercised its discretion within the range delegated to it by law and to provide a basis for meaningful judicial review, the Board must offer a rational explanation of its decision that the special conditions it imposes are necessary to effectuate the objectives of the statute. The Board did not do so in this case.

Reversed and remanded for reconsideration.

**LEESON, J.,** concurring.

The majority is correct that the Board's order is reviewable and that the Board failed to explain adequately why the condition that plaintiff not enter Lane County, where the minor victim resides, is necessary to achieve the purposes of ORS 144.096. I write only to underscore the statement that "[w]e do not hold that the Board *cannot* reach that conclusion." 147 Or App 45 (emphasis in original). The facts in this case are egregious. The Board did not necessarily err in imposing the condition; it simply failed to provide a rational explanation of the nexus between the condition that plaintiff not enter Lane County and the purposes of the statute.