Argued and submitted June 25, 1997, affirmed January 21, opinion withdrawn and case dismissed by order on court's own motion March 20, 1998

# BRUCE ANTHONY RUND,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

## (CA A94159 (Control) and A90986)

953 P2d 766

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner seeks judicial review of orders of the Board of Parole and Post-Prison Supervision that conditioned his post-prison supervision (PPS) on his enrollment in a sexual offender treatment program and, after petitioner had violated that condition, that imposed a local sanction of 90 days' incarceration for the violation.[1] We review for errors of law and affirm.

Petitioner was convicted of second-degree kidnapping and sentenced to 55 months in prison plus three years PPS. Before imposing that sentence, the court had received a presentence report about petitioner. The information in the report was later provided to the Board. According to the report, petitioner had been convicted of second-degree assault in 1980. When asked to describe the events leading to that conviction, petitioner stated that he had seen the victim riding her bike and had wanted to have sex with her. He went down the road ahead of her, pulled her off her bike and attempted to rape her. The report also contained information from psychologists who had evaluated petitioner and had concluded that he could benefit from therapy designed to help him control his anger and his sexual behavior. Finally, the investigator reported that petitioner had been a suspect in a number of sexual crimes in the Portland area, although he had not been charged with any offense in connection with them.

Petitioner was released from prison in October 1994. As part of his PPS, the Board required, *inter alia*, that he participate in a sexual offender treatment program and submit to random polygraph tests as part of a sexual offender surveillance program.[2] Petitioner refused to obtain sexual

---

[1] The Board also extended petitioner's PPS period but later conceded that that extension was in error. It now reports that the error has been corrected. In the light of the Board's concession, petitioner has withdrawn his assignment of error challenging the extension of the PPS period.

[2] The record on appeal does not include the original PPS order. After the imposition of each sanction, however, the board reissued its PPS order with the same or similar conditions. The most recent order, dated February 14, 1996, provides in part:

"[Petitioner is] subject to all General Conditions and the following Special Conditions:

offender treatment. In February, May and August 1995, as punishment for that refusal, the Board imposed incarceration periods totaling 240 days. The final incarceration period, a 90-day period, was labeled a "local sanction" by the Board.[3] It is not clear whether the previous two incarceration periods, totaling 150 days, were imposed pursuant to ORS 144.108 or to ORS 144.106.[4]

■   Petitioner contends that the Board acted outside its authority when it required him, as a condition of his PPS, to participate in a sexual offender treatment program. Petitioner further contends that the cumulative sanctions imposed by the Board exceeded the 180-day limit on incarceration within a PPS period set forth in *former* OAR 253-11-004(3) (1989), which was in effect at the time of his offense. We disagree with both of petitioner's contentions.[5]

---

"1.  Offender shall be evaluated by a mental health evaluator and follow all treatment recommendations.

"* * * * *

"5.  Offender shall submit to random polygraph tests as part of a sex offender surveillance program. * * *

"6.  Offender shall enter and complete or be successfully discharged from a recognized and approved sex offender treatment program which may include polygraph and/or plethysmograph testing and a prohibition on possession of printed, photographed or recorded materials that the offender may use for the purpose of deviant sexual arousal.

"* * * * *

"1.  SEX OFFENDER EVALUATION."

(Emphasis in the original.)

[3] The Board's original order was issued under ORS 144.108, which allows for imprisonment in the state prison. The Board withdrew that order and issued an order on reconsideration in which it imposed the 90-day local sanction pursuant to ORS 144.106. Petitioner has not challenged the Board's authority to withdraw its original order and issue the revised order on reconsideration.

[4] Both ORS 144.106 and ORS 144.108 were amended in 1997. Or Laws 1997, ch 525, §§ 4, 5. All references to those statutes and to the relevant administrative rules are to the versions in effect at the time of petitioner's offense or of the Board's action, whichever is the relevant triggering event.

[5] The Board has suggested that petitioner's objection to the 90-day sanction is moot, because he has already served that time. *See, e.g., Thompson v. Prinslow*, 138 Or App 183, 184, 906 P2d 310 (1995). Petitioner has announced, however, his intention to continue to violate the PPS conditions relating to sexual offender treatment, and the Board will therefore have to address the violation. For that reason, the question whether the Board has already exceeded the statutory incarceration limit for PPS violations is not moot.

Petitioner first argues that the Board had no authority to require sexual offender treatment as a component of his PPS. He argues that, because he was not convicted of a sexual crime or a felonious attempt to commit such a crime, the Board's action violated ORS 421.590.[6] We disagree. ORS 421.590 establishes the procedure to be followed by the Board when establishing PPS for a convicted sexual offender. Pursuant to that statute, the Board *must* provide convicted sexual offenders with the opportunity to participate in a medical

---

[6] ORS 421.590 provides, in relevant part:

"(1) For the purposes of this section:

"(a) 'Medical treatment program' means a treatment program based on a successful medical model that has been proven to reduce recidivism, and that may include treatment by prescribed medication when recommended by a qualified psychiatrist or physician, psychological treatment, or both. Any treatment administered under a medical treatment program must be within the range of treatments generally recognized as acceptable within the medical community.

"(b) 'Program participant' means a person sentenced for a term of imprisonment based on conviction of a sex crime or a felony attempt to commit a sex crime, or a person who is eligible for parole or post-prison supervision after a term of imprisonment based on conviction of a sex crime or a felony attempt to commit a sex crime, who agrees to participate in a medical treatment program after having been evaluated to be a suitable candidate and who has been provided with adequate information to give informed consent to participation.

"(c) 'Sex crime' means rape in any degree, sodomy in any degree, unlawful sexual penetration in any degree and sexual abuse in the first or second degree.

"(2) The Department of Corrections shall establish a medical treatment program for persons convicted of a sex crime or a felony attempt to commit a sex crime. Any person sentenced for a sex crime or a felony attempt to commit a sex crime may be evaluated to determine if available medical or psychological treatment would be likely to reduce the biological, emotional or psychological impulses that were the probable cause of the person's criminal conduct. If the evaluation determines that the person is a suitable candidate, the department shall offer to allow the person to participate in the medical treatment program. The person must agree to become a program participant.

"(3) The State Board of Parole and Post-Prison Supervision shall offer as a condition of parole or post-prison supervision to persons convicted of a sex crime or a felony attempt to commit a sex crime the opportunity to participate in a medical treatment program established by the Department of Corrections under this section. Any person eligible for release for a sex crime or felony attempt to commit a sex crime may be evaluated to determine if available medical or psychological treatment would be likely to reduce the biological, emotional or psychological impulses that were the probable cause of the person's criminal conduct. If the evaluation determines that the person is a suitable candidate, the board shall offer to allow the person to participate in the medical treatment program. The person must agree to become a program participant."

treatment program established by the Department of Corrections. The statute further provides that people who are candidates for that program must agree to become participants in it.[7] There is nothing in the language of the statute to indicate that people convicted of crimes that are *not* defined as sexual crimes cannot *also* be required to obtain sexual offender treatment. In short, ORS 421.590 has no bearing on petitioner's case.

■  The Board argues, and we agree, that it had the authority to require sexual offender treatment for petitioner as part of its authority to "establish such special conditions [of post-prison supervision] as it shall determine are necessary because of the individual circumstances of the person under post-prison supervision." ORS 144.102(3). The Board's authority to require special conditions is restricted to those conditions that are necessary for "the protection of public safety and the reformation of the offender." *Martin v. Board of Parole*, 147 Or App 37, 43, 934 P2d 626, *rev allowed* 326 Or 57 (1997). Here, the Board determined, based on petitioner's history, that he would benefit from sexual offender treatment. The Board also had evidence that petitioner could pose a danger to society if he were released without that treatment as a condition of his release. Petitioner does not argue that the sexual offender conditions are not needed to protect public safety or to promote his reformation. We conclude, therefore, that the Board acted within its authority in imposing the special conditions.

■  Finally, petitioner argues that the Board's third incarceration order caused it to exceed the limit imposed by ORS 144.108[8] on incarceration as a punishment for PPS violations during a PPS period. That statute governs PPS violations that involve new criminal activity or that cannot adequately be addressed by local sanctions. It incorporates by

---

[7] Petitioner interprets the latter provision as meaning that sexual offenders have the option to refuse to enroll in sexual offender treatment programs. An alternative interpretation of the statute is that sexual offenders can refuse to participate in the Department of Corrections program but can still be required to seek similar therapy elsewhere. We need not determine which interpretation is correct, however, because of our conclusion that ORS 421.590 does not apply to petitioner.

[8] ORS 144.108 provides:

reference OAR 253-11-004, which sets a maximum limit for imprisonment in a state correctional facility. Petitioner argues that that time limit must apply to incarceration in both local and state correctional facilities. We disagree. Although the Board originally ordered petitioner to be incarcerated in state prison pursuant to ORS 144.108, it withdrew that order and, on reconsideration, ordered a local sanction of 90 days' incarceration pursuant to ORS 144.106.[9] ORS

"(1) If the violation of post-prison supervision is new criminal activity or *if the supervisory authority finds that local sanctions are insufficient punishment for a violation of the conditions of post-prison supervision, the supervisory authority may request the State Board of Parole and Post-Prison Supervision to return the released person to a state correctional facility.*

"(2) *If so requested,* the board or its designated representative shall hold a hearing to determine whether imprisonment is appropriate. Except as otherwise provided by rules of the Department of Corrections concerning parole and post-prison supervision violators, *the board may impose a term of imprisonment up to the maximum provided by rules of the Oregon Criminal Justice Commission.* In conducting a hearing pursuant to this subsection, the board or its designated representative shall follow the procedures and the offender shall have all the rights described in ORS 144.343 and 144.347 relating to revocation of parole.

"(3) A person who is ordered to serve a term of imprisonment as a sanction for a post-prison supervision violation is not eligible for:

"(a) Earned credit time as defined in ORS 421.121;

"(b) Transitional leave as defined in ORS 421.168; or

"(c) Temporary leave as defined in ORS 421.165.

"(4) A person who is ordered to serve a term of imprisonment as a sanction for a post-prison supervision violation shall receive credit for time served in a state or local correctional facility on the post-prison supervision violation prior to the board's imposition of a term of imprisonment."

(Emphasis supplied.)

[9] ORS 144.106 provides:

"(1) Except as otherwise provided by rules of the Department of Corrections and the State Board of Parole and Post-Prison Supervision concerning parole and post-prison supervision violators, the supervisory authority shall use a continuum of administrative sanctions for violations of the conditions of post-prison supervision.

"(2) The sanction continuum shall include adjustments to the level of supervision and, as approved by the State Board of Parole and Post-Prison Supervision:

"(a) Modification of or additions to the conditions of supervision; and

"(b) Any other appropriate available local sanctions including, but not limited to, community service work, house arrest, electronic surveillance, restitution centers, work release centers, day centers or other local sanctions established by agreement with the supervisory authority.

"(3) If the local sanction requires confinement for more than 15 days in a restitution center, work release center or jail, the board or its designated

144.106(3) clearly and unambiguously provides for jail time as a local sanction for noncompliance with PPS conditions and, unlike ORS 144.108, does not set a limit on the total time that can be served under it. Petitioner's contention that we must resort to legislative history to determine whether the regulatory limitation incorporated by reference into ORS 144.108 should be read into ORS 144.106 is unavailing. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

Affirmed.

---

representative shall hold a hearing under the procedures in ORS 144.315 to 144.380."